# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 20-4339

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEROY ALLEN LUNCEFORD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00517-WO-3)

Submitted:  January 26, 2021                    Decided:  February 11, 2021

Before DIAZ, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leroy Allen Lunceford pleaded guilty to distributing heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and the district court sentenced him to 64 months' imprisonment. On appeal, Lunceford argues that the court erred in calculating the drug quantity attributable to him. For the reasons that follow, we affirm.

"We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." *United States v. Crawford*, 734 F.3d 339, 342 (4th Cir. 2013) (internal quotation marks omitted). Clear error occurs "only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 2679 (2019). Here, the district court—relying upon Lunceford's own statements regarding his daily heroin use, controlled sales Lunceford made to a confidential informant, and Lunceford's codefendants' statements regarding heroin prices and sales—conservatively estimated that Lunceford sold 197.6 grams of heroin within the relevant period of the offenses. At sentencing, the court, recognizing the imprecision that often plagues drug weight determinations, reduced the drug weight to 99 grams, giving Lunceford the benefit of a 2-level reduction in his base offense level under the Sentencing Guidelines.

On appeal, Lunceford complains that the district court erroneously included heroin he personally consumed in the total drug weight and improperly relied on estimates of his heroin distribution. First, the court's thorough calculations reflect that, while the court did use Lunceford's personal heroin consumption to estimate how much heroin he needed to

2

distribute in order to finance that consumption, the court included only the resulting estimate of Lunceford's heroin distribution, not his personal consumption, in the drug weight. Indeed, at sentencing, the court explicitly noted that it did not incorporate the heroin Lunceford personally used into the final drug quantity.

Second, our precedents and the Guidelines make clear that a trial court may, and indeed often must, predicate its drug-weight finding on estimates. *See United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996) (stating that the Guidelines "permit estimated amounts based on satisfactory evidence, and such estimates inherently possess a degree of uncertainty" (internal quotation marks omitted)). In fact, the Guidelines state that where, as here, "'there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance.'" *Crawford*, 734 F.3d at 342 (quoting U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.5 (2018)). Further, in approximating the drug quantity for sentencing purposes, we have explained that the district court may consider any relevant information, "provided that the information has sufficient indicia of reliability to support its probable accuracy," *Crawford*, 734 F.3d at 342 (internal quotation marks omitted), including, for example, "the price generally obtained for the controlled substance, financial or other records, [or] similar transactions in controlled substances by the defendant," USSG § 2D1.1 cmt. n.5. Put simply, the record reveals that the district court carefully and conservatively calculated Lunceford's estimated heroin distribution using the available evidence, including similar transactions by Lunceford's codefendants and Lunceford's own sales to a confidential informant. In these circumstances, we are satisfied that the court did not clearly err.

3

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*